THE PEOPLE ex rel. EMMET MEYERS, Respondent, *v.* THE MASONIC GUILD AND MUTUAL BENEFIT ASSOCIATION, Appellant.

Defendant, a mutual benefit association, issued a certificate in the nature of a policy of life insurance to M. Printed on the back of the certificate was a by-law of the association providing for making assessments on members to pay death losses; by it but one assessment could be levied for one death loss. Upon the death of M. an assessment was made, in conformity with the certificate, to pay the amount insured and the relator was paid a certain proportion of such amount ; he obtained a judgment against the association for the balance. Execution was issued thereon and returned unsatisfied. In proceedings to compel the association, by mandamus, to make further assessments until the judgment was paid, *held,* that the members were liable to but one assessment to pay each death claim ; that it was immaterial as to whether enough was realized on the assessment made to pay the claim; in either case no further assessment was proper; and that an order granting the writ was error.

Reported below, 58 Hun, 395.

(Argued April 27, 1891; decided June 2, 1891.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 8, 1890, which affirmed an order of Special Term, directing a peremptory writ of mandamus to issue.

The defendant, a corporation organized under the laws of this state as a mutual benefit association, issued to one Isaac Meyers a certificate payable to the relator or his legal representatives, in the nature of a policy of insurance for $3,000, or for such proportion of the said sum as was provided for in the by-laws of the association. The consideration for such certificate was the representations made by the party insured in his application for insurance and the payment of a certain sum as admission fee and the further payments provided in the by-laws. Printed on the back of the certificate was a copy of article 6 of the by-laws, providing for making an assessment on members as therein stated, to pay death losses. But one assessment under the by-laws could be levied for any one death loss. Isaac Meyers died while the certificate was in force and while he was a member in good standing in the company. The certificate then became due and payable to the relator. One assessment was made upon the members in conformity with defendant's by-laws and regulations and the relator was paid a certain proportion of the amount of the certificate, which he acknowledged as payment in full of his claim by reason of the death of said Isaac Meyers. Subsequently the relator brought an action against the defendant to recover the balance alleged to be due on the certificate, and that action resulted in a judgment against the defendant for the recovery of such balance. The findings of the court made upon the trial of that action are contained in the record herein, from which it appears that an assessment was made for the purpose of providing a fund with which to pay the amount named in the certificate, and that assessment had been paid, and the defendant had on hand, or should have had, as the court found, the moneys derived therefrom which was sufficient to pay the amount stated in the certificate, but which

1891.]    People ex rel. Meyers *v.* M. G. & B. Assn.    617

Statement of case.

payment had only been made in part. It was further found that the defendant had sufficient surplus funds in its possession for the payment of the plaintiff's claim in full, and which claim would have been fully paid and satisfied therefrom and the defendant had promised to pay the claim from such surplus fund in its possession. The company failed to pay, however, and judgment for the balance was given, which was duly entered and no appeal was taken. The plaintiff in the action duly issued execution upon the judgment and it was returned wholly unsatisfied.

The relator then commenced these proceedings to compel the defendant, by mandamus, to make another assessment upon the members holding certificates in the defendant company and to continue making them to an amount equal to the sum of the judgment until it was fully paid and satisfied. The Special Term granted the writ substantially as asked for and its order was affirmed at General Term, and from the order of affirmance the defendant has appealed here.

*Adolphus D. Pape* for appellant. The writ of mandamus was improperly issued. (*People* v. *Supervisors,* 12 Barb. 217; *People* v. *Bd. of Suprs.,* 11 N. Y. 563; *People* v. *Mott,* 64 id. 600; *People* v. *N. Y. I. Asylum,* 122 id. 190; *People* v. *Canal Board,* 13 Barb. 444; *People* v. *Green,* 1 Hun, 1; *People* v. *City of New York,* 64 N. Y. 627; *People* v. *Campbell,* 72 id. 496; *People* v. *Supervisors,* 1 Kern. 564; *People* v. *C. A. Board,* 49 Barb. 259; *In re McGrath,* 56 Hun, 76; *People* v. *Thompson,* 25 Barb. 73.) Sections 1240 and 1241 of the Code of Civil Procedure provide for the enforcement of judgments. This case falls within section 1240 which provides for the enforcement of a judgment by execution — it being for a sum of money. Section 1241 provides for the enforcement of a judgment by punishment for disobeying it. This case does not fall within any of the provisions specified in that section. (*Gray* v. *Cook,* 24 How. Pr. 432; *In re Watson* v. *Nelson,* 69 N. Y. 536; *Meyers* v. *Becker,* 95 id. 486; *Queen* v. *V. P. Co.,* 1 Ad. & El. [N. S.] 288: *Miner* v. *M.*

*M. B. Assn.*, 65 Mich. 84; *P. Ins. Co.* v. *Comford,* 50 Miss.. 662; *F. M Ins. Co.* v. *Chase,* 56 N. H. 341.) The relator having chosen to hold the defendant liable to an action at law on the certificate and obtained judgment, waived his right to proceed against the members as the law does not make the members liable for the debts of the corporation, and the relator ought not to be permitted to enforce the judgment against this corporation, against the members individually, when they were not a party to this action. (*Coopsey* v. *K. C. R. Co.,* 74 Mo. 477; *Schuler* v. *Israel,* 120 U. S. 506.) This order directs a mandamus to issue commanding the defendant to levy an assessment on all of its members, without any regard to the rights of members, whether they were members at the time of Meyer's death, or whether they became members subsequent thereto. This cannot be sustained. (Bacon on Benefit Societies, § 378; *State* v. *M. F. Assn.,* 42 Ohio, 555; *Roswell* v. *E. A. Union,* 13 Fed. Rep. 840.) If the relator asks more than he is entitled to, the application should be denied, though the application may be right in other respects. (*People* v. *Green,* 64 Barb. 163; *People* v. *Cady,* 2 Hun, 224; *People* v. *Port Jervis,* 8 Wkly. Dig. 243.) The relator's claim is founded on the certificate and the by-laws which constituted the contract between Meyers and defendant. (*Hellenberg* v. *I. O. O. B.,* 94 N. Y. 580; Morawetz on Corp. §§ 67, 316,. 580.)

*John W. Lyon* for respondent. The granting of the writ of mandamus is discretionary and is not appealable to this court. (*In re Sage,* 70 N. Y. 220; *People* v. *Ferris,* 76 id. 326; *People* v. *Campbell,* 72 id. 496; *People* v. *Booth,* 49 Barb. 31; 99 N. Y. 641; 55 Barb. 197; *Cushman* v. *Brundreth,* 50 N. Y. 296; *McKenna* v. *Bolger,* 94 id. 641; *Mills* v. *Hildreth,* 81 id. 91.) Proceedings supplementary to execution do not lie against a corporation, and an action for sequestration of the property of the defendant would not reach the result here sought. (*Doty* v. *N. Y. S. M. B. Assn.,* 29 N. Y. S. R. 895.)

Peckham, J.   The certificate was the contract entered into by the defendant.   Its liability to pay a death loss, and the manner in which it should pay it were provided for in the by-laws.   By the liability which the members assumed must they be judged.   It appears that they are liable to pay but one assessment for each death loss, and that one has been already made pursuant to the provisions of the by-laws, and the members upon whom it was made have paid the same.   By the affidavit of the secretary of the defendant it would seem that an amount only equal to three-fifths of the certificate had been the result of such assessment, while the findings of the court in the action brought by the relator against the defendant show the defendant to have collected enough therefrom to pay the full amount of the certificate, or enough to pay it in full with the aid of the surplus which the court finds it had on hand. We think in neither event does there remain any liability on the part of holders of certificates of defendant to pay any further assessment.   If that be so, of course none should now be ordered.

One assessment having been paid the members discharged their whole duty in the premises which they had contracted to perform.   If the assessment did not result in enough to pay the certificate in full, that was no fault of theirs; they fulfilled their contract and could not be asked to perform any more. If the assessment resulted in raising thereby enough to pay the full amount of the certificate, or if it so resulted in connection with the surplus funds of the defendant, the members were no insurers of the proper application of the fund to the payment of the certificate by defendant's officers.   Mandamus is no remedy to compel them to pay any further assessment, for they are under no liability in the premises.   How the relator shall collect his judgment against the defendant is a question not before us.   No case for a mandamus has been made out, and the orders of the General and Special Terms should be reversed and the motion denied, with costs in all courts.

All concur.

Orders reversed and motion denied.